UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CORY JOHN DAIGLE and GUSTAVO ANDRES RODRIGUEZ,<br><br>Defendants | Criminal No. 23cr10072<br><br>Violations:<br><br>Count One: Conspiracy to Make False Statements in Records Required to Be Kept by a Federal Firearm Licensee<br>(18 U.S.C. § 371)<br><br>Count Two: Making False Statements in Records Required to Be Kept by a Federal Firearm Licensee; Aiding and Abetting<br>(18 U.S.C. §§ 924(a)(1)(A) and 2)<br><br>Count Three: Trafficking in Firearms<br>(18 U.S.C. § 933(a)(1))<br><br>Count Four: Possession of a Machine Gun<br>(18 U.S.C. § 922(o))<br><br>Count Five: Receipt or Possession of an Unregistered Firearm<br>(26 U.S.C. § 5861(d))<br><br>Forfeiture Allegation:<br>(18 U.S.C. §§ 924(d), 934(a); 26 U.S.C. § 5872; 28 U.S.C. § 2461(c)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Cory John DAIGLE, doing business as Steelworks Defense Solutions, was a dealer in firearms, licensed under the provisions of Chapter 44 of Title 18 of the United States Code as a Federal Firearms Licensee ("FFL"). Steelworks Defense Solutions was located in Littleton, Massachusetts.

2. Gustavo Andres RODRIGUEZ was a resident of Boston, Massachusetts, and was

1

not licensed to possess firearms.

3. Coconspirator Shakim GRANT was a resident of Boston, Massachusetts, and was licensed to possess firearms.

General Allegations

4. Prior to October 27, 2022, RODRIGUEZ asked GRANT if GRANT would purchase a number of firearms for RODRGUEZ. RODRIGUEZ proposed to make the purchases through DAIGLE, whom RODRIGUEZ knew to be an FFL.

5. GRANT knew that RODRIGUEZ could not lawfully purchase firearms but agreed to purchase the firearms for RODRIGUEZ.

6. At some time prior to October 27, 2022, RODRIGUEZ and DAIGLE agreed upon the firearms that would be purchased, and RODRIGUEZ paid DAIGLE for the firearms.

7. After the terms of the purchase had been worked out by DAIGLE and RODRIGUEZ, on or about October 27, 2022, RODRIGUEZ accompanied GRANT to the business location of Steelworks Defense Solutions in Littleton, Massachusetts to complete the purchase. In Littleton, DAIGLE presented GRANT with three firearms: (1) a Glock 23, .40 caliber pistol, bearing serial number VZM745; (2) a Glock 29, 10mm pistol, bearing serial number BWKC504; and (3) a Glock 19X, 9mm pistol, serial number BYNF621.

8. GRANT had neither selected, nor paid for, those firearms.

9. DAIGLE then provided GRANT with paperwork required to be maintained by DAIGLE as an FFL, documenting the sale of the three firearms.

10. As an FFL, DAIGLE was required to obtain information about the identity of individuals who purchase firearms. Among other paperwork, DAIGLE was required to have each individual purchasing a firearm complete an ATF Form 4473, or Firearms Transaction Record.

The Form 4473 required the purchaser to provide his or her name, address, and other identifying information. The purchaser was also required to present a valid government-issued photo identification to DAIGLE.

11. The Form 4473 also required the purchaser to answer a series of questions to determine whether the purchase was permitted under federal law. One of the questions stated, "Are you the actual buyer of the firearm(s) listed on this form? Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you." Several other questions asked the purchaser to provide information to be used to determine whether the purchaser was prohibited under federal law from receiving a firearm.

12. FFLs were required to retain all completed Forms 4473s in their permanent records. FFLs were also required to record each sale of a firearm in a bound log, noting, among other information, the firearm's manufacturer, model, and serial number; the transaction date; and the name and address of the purchaser. FFLs were required to retain these logs in their permanent records.

13. DAIGLE, knowing the firearms had been selected and paid for by RODRIGUEZ, and having reason to know that the firearms would be provided to RODRIGUEZ, provided GRANT with the Form 4473, showing GRANT the parts that GRANT needed to fill out.

14. In response to Question 21(a) of the Form 4473, which asked if he was "the actual transferee/buyer of all of the firearm(s) listed on this form," GRANT falsely checked the box labeled "Yes." GRANT did so despite the bolded warning and certification that he understood "that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law,

and may also violate State and/or local law."

15. DAIGLE also signed the Form 4473, endorsing the false claim that GRANT was the true purchaser of the firearms.

16. After the sale, GRANT provided the firearms to RODRIGUEZ, and RODRIGUEZ paid GRANT for his role in facilitating the purchase of the firearms.

17. On November 6, 2022, less than two weeks later, law enforcement recovered: (1) a Glock 23, .40 caliber pistol, bearing serial number VZM745; (2) a Glock 29, 10mm pistol, bearing serial number BWKC504; and (3) the serialized manufacturer's box for a Glock 19X, 9mm pistol, serial number BYNF621 from the apartment of RODRIGUEZ during the execution of a search warrant.

18. Prior to the execution of the search warrant, RODRIGUEZ contacted GRANT and the two schemed to create a false story to explain to authorities why the firearms would be located in RODRIGUEZ's apartment. As part of that false story, GRANT came to RODRIGUEZ's home on the night that the search warrant was executed and falsely claimed that he had been storing his firearms in RODRIGUEZ's residence.

<u>Object and Purpose of the Conspiracy</u>

19. It was the object of the conspiracy to make false statements in paperwork required to be kept by DAIGLE, an FFL. The principal purposes of the conspiracy were to allow RODRIGUEZ to obtain firearms he could not lawfully purchase or possess and to allow DAIGLE and GRANT to unlawfully enrich themselves by participating in a sale of firearms to a person, RODRIGUEZ, who could not lawfully purchase or possess them.

Manner and Means of the Conspiracy

20. Among the manner and means by which DAIGLE, RODRIGUEZ, and GRANT, and coconspirators known and unknown to the Grand Jury carried out the conspiracy and the scheme to defraud were the following:

    a. Creating and causing to be created, false entries in records that DAIGLE was required to maintain as an FFL, in order to disguise the identity of the true purchaser; and

    b. Arranging for the sale of multiple firearms to GRANT, who falsely claimed to be the true purchaser of the firearms, in order to hide the fact that RODRIGUEZ, who could neither lawfully purchase or possess the weapons, was the true purchaser.

Overt Acts in Furtherance of the Conspiracy

21. From in or about August 1, 2022 through in or about November 9, 2022, DAIGLE RODRIGUEZ, and GRANT, and co-conspirators known and unknown to the Grand Jury, committed and caused to be committed the following overt acts in furtherance of the conspiracy:

    a. At some point after August 1, 2022 and before October 27, 2022, RODRIGUEZ recruited GRANT to serve as a straw purchaser of firearms;

    b. On or before October 27, 2022, RODRIGUEZ communicated with DAIGLE regarding the firearms that would be purchased;

    c. On or before October 27, 2022, RODRIGUEZ and DAIGLE negotiated the price to be paid for the firearms;

    d. On or about October 27, 2022, RODRIGUEZ accompanied GRANT to Steelworks Defense Solutions;

e. On or about October 27, 2022, DAIGLE provided GRANT with the Form 4473 paperwork required for the sale of the firearms;

f. On or about October 27, 2022, GRANT made and signed the false representation on the Form 4473 that he was the true purchaser of the firearms;

g. On or about October 27, 2022, DAIGLE co-signed the Form 4473, and completed the sales transaction;

h. On or about October 27, 2022, DAIGLE made false representations regarding the identity of the true purchaser of the firearms in the logs of firearms acquisitions and dispositions;

i. On or about October 27, 2022, GRANT provided the firearms to RODRIGUEZ; and

j. On or about November 7, 2022, GRANT, RODRIGUEZ, and DAIGLE attempted to cover up the straw purchase by scheming to provide false information to law enforcement.

## COUNT ONE
Conspiracy to Make False Statements in Records Required to Be Kept by a Federal Firearm Licensee
(18 U.S.C. § 371)

The Grand Jury charges:

22. The Grand Jury re-alleges and incorporates by reference paragraphs 1-21 of this Indictment.

23. From on or about August 1, 2022 through on or about November 9, 2022, in the District of Massachusetts, the defendants,

CORY JOHN DAIGLE and
GUSTAVO ANDRES RODRIGUEZ,

did knowingly and willfully conspire with others known and unknown to the Grand Jury to commit an offense against the United States, that is, to knowingly cause false statements to be made with respect to information required to be kept in the records of a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A).

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### False Statements in Records Required to Be Kept by a Federal Firearm Licensee; Aiding and Abetting
### (18 U.S.C. §§ 924(a)(1)(A) and 2)

The Grand Jury further charges:

24. The Grand Jury re-alleges and incorporates by reference paragraphs 1-21 of this Indictment.

25. On or about October 27, 2022, in Littleton, in the District of Massachusetts, the defendants,

### CORY JOHN DAIGLE and
### GUSTAVO ANDRES RODRIGUEZ,

aided and abetted the making of a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code to be kept in the records of CORY JOHN DAIGLE d/b/a Steelworks Defense Solutions, a federal firearms licensee under such Chapter. Specifically, DAIGLE and RODRIGUEZ knowingly induced and procured SHAKIM GRANT to falsely represent in an ATF Form 4473 that SHAKIM GRANT was the actual purchaser of the subject firearms, to wit: a Glock 23, .40 caliber pistol, bearing serial number VZM745, a Glock 29, 10mm pistol, bearing serial number BWKC504, and a Glock 19X, 9mm pistol, serial number BYNF621, whereas in truth and in fact, SHAKIM GRANT obtained the firearms on behalf of GUSTAVO ANDRES RODRIGUEZ, the true purchaser of the firearms.

All in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

<u>COUNT THREE</u>
Trafficking in Firearms
(18 U.S.C. § 933(a)(1))

The Grand Jury further charges:

26. The Grand Jury re-alleges and incorporates by reference paragraphs 1-21 of this Indictment.

27. On or about October 27, 2022, in Littleton, in the District of Massachusetts, the defendant,

CORY JOHN DAIGLE,

did knowingly ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm, to wit: a Glock 23, .40 caliber pistol, bearing serial number VZM745, a Glock 29, 10mm pistol, bearing serial number BWKC504, and a Glock 19X, 9mm pistol, bearing serial number BYNF621, to GUSTAVO ANDRES RODRIGUEZ, in or otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by GUSTAVO ANDRES RODRIGUEZ would constitute a felony as defined in Title 18, United States Code, Section 932(a).

All in violation of Title 18, United States Code, Section 933(a)(1).

## COUNT FOUR
Illegal Possession of a Machine Gun
(18 U.S.C. § 922(o))

The Grand Jury further charges:

28. The Grand Jury re-alleges and incorporates by reference paragraphs 1-21 of this Indictment.

29. On or about January 5, 2023, in Revere, in the District of Massachusetts, the defendant,

CORY JOHN DAIGLE,

did knowingly possess one and more machineguns, as defined by Title 26, United States Code, Section 5845(b), to wit: a Machine Gun Barrel and Receiver with Serial Number: 2036911; a Machine Gun Bolt with No Serial Number; a Wide Open Enterprises Machine Gun Conversion Device with No Serial Number; an H&K Machine Gun Conversion Device with No Serial Number; a STEN-type 9x19 mm Machine Gun with No Serial Number; and a McKay Enterprises RMUZ-09, 9mm para (UZI) with Serial Number: RMU03255.

All in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT FIVE
### Receipt or Possession of Unregistered Firearm
### (26 U.S.C. § 5861(d))

The Grand Jury further charges:

30. The Grand Jury re-alleges and incorporates by reference paragraphs 1-21 of this Indictment.

31. On or about January 5, 2023, in Revere, in the District of Massachusetts, the defendant,

### CORY JOHN DAIGLE,

knowingly possessed a firearm, a PTR Industries, Model PTR91, .308 caliber, Short-Barrel Rifle with Serial Number: DK04648, with a Machine Gun Conversion Device Serial Number: ESHK5101, not registered to him in the National Firearms Registration and Transfer Record.

All in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371, 922, 924, and 2, and Title 26, Section 5861, set forth in Counts One, Two, Four, and Five, the defendants,

CORY JOHN DAIGLE and
GUSTAVO ANDRES RODRIGUEZ,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), Title 26, United States Code 5872, and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. a machine gun barrel and receiver, bearing serial number 2036911;
   b. a machine gun bolt with no serial number;
   c. a PTR Industries, model PTR91, .308 caliber, short-barrel rifle bearing serial number DK04648, with a machine gun conversion device, bearing serial number ESHK5101;
   d. a STEN 9x19mm machine gun with no serial number;
   e. two machine gun conversion devices with no serial numbers;
   f. a McKay Enterprises RMUZ-09, 9mm para (UZI), bearing serial number RMU03255;

2. If any of the property described in the paragraph above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), Title 26, United States Code 5872, and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

  All pursuant to Title 18, United States Code, Section 924, Title 26, United States Code 5872, and Title 28, United States Code, Section 2461.

## TRAFFICKING FORFEITURE ALLEGATION
(18 U.S.C. §§ 924(d), 934(a) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 933, set forth in Count Three, the defendant,

## CORY JOHN DAIGLE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 924(d)(1) and 934(a), and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, any of property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, and any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

g. a machine gun barrel and receiver, bearing serial number 2036911;

h. a machine gun bolt with no serial number;

i. a PTR Industries, model PTR91, .308 caliber, short-barrel rifle bearing serial number DK04648, with a machine gun conversion device, bearing serial number ESHK5101;

j. a STEN 9x19mm machine gun with no serial number;

k. two machine gun conversion devices with no serial numbers;

l. a McKay Enterprises RMUZ-09, 9mm para (UZI), bearing serial number RMU03255;

2. If any of the property described in the paragraph above, as being forfeitable pursuant to Title 18, United States Code, Sections 924(d)(1), 934(a), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

      f. cannot be located upon the exercise of due diligence;

      g. has been transferred or sold to, or deposited with, a third party;

      h. has been placed beyond the jurisdiction of the Court;

      i. has been substantially diminished in value; or

      j. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

      All pursuant to Title 18, United States Code, Sections 924 and 934, and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON

_____
LUKE A. GOLDWORM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: March 16, 2023
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo
_____
DEPUTY CLERK
at 2:38 PM