UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Criminal No. 23-cr-10072-LTS |
| ) | |
| CORY JOHN DAIGLE and ) | |
| ) | |
| GUSTAVO RODRIGUEZ ) | |
| Defendants ) | |

**MOTION TO SUPPRESS EVIDENCE SEIZED
PURSUANT TO A SEARCH WARRANT
AND REQUEST FOR HEARING**

The Defendant, Corey J. Daigle, moves this Honorable Court to suppress any and all evidence obtained from the January 5, 2023 search of his home located at 18 Proctor Ave. Revere, Massachusetts conducted pursuant to a search warrant issued on January 4, 2023 by the United States District Court (Hon. David Hennessy). In support, the defendant states the following:

The defendant submits that the affidavit in support of the search warrant application was lacking in probable cause and fails to establish a nexus between the unlawful sale of firearms and 18 Proctor Ave. Revere, Massachusetts

Accordingly, the defendant submits that the warrant lacked probable cause to establish that evidence of the suspected crime would be presently located at 18 Proctor Ave. Revere, Massachusetts and therefore, the search conducted pursuant to the search warrant violated the defendant's rights as protected by the Fourth Amendment. *Illinois v. Gates, 462 U.S. 213 (1983); Aguilar v. Texas, 378 U.S. 108 (1964); United States v. Zayes-Diaz, 94 F.3d 105 (1st Cir. 1996)* and *Coolidge v. New Hampshire, 403 U.S. 443 (1971)*

The defendant further states that the good faith exception as outlined in *United States v. Leon, 468 U.S. 897 (1984)* is not applicable here given the complete lack of probable cause for the issuance of the search warrant. The defendant further relies on the reasons as stated in his Memorandum of Law in Support of his Motion to Suppress, filed herewith.

WHEREFORE, the defendant, Cory Daigle respectfully requests that this Court grant his motion and suppress any and all evidence obtained from a search of his home on January 5, 2024.

Defendant respectfully requests a hearing on his motion.

        Defendant
        By his attorney,

        */s/ Carmine P. Lepore*
        Carmine P. Lepore, Esq.
        Lepore & Hochman, P.A.
        One Sprague Street
        Revere, MA  02151
        (781) 286-8800
        BBO # 564603

February 8, 2024

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        /s/*Carmine P. Lepore*
        Carmine P. Lepore

February 7, 2024

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Criminal No. 23-cr-10072-LTS |
| ) | |
| CORY JOHN DAIGLE and ) | |
| ) | |
| GUSTAVO RODRIGUEZ ) | |
| Defendants ) | |

AFFIDAVIT IN SUPPORT OF MOTION TO SUPPRESS

1. My name is Carmine Lepore, I am an attorney licensed in the Commonwealth of Massachusetts and admitted to the Bar for the United States District Court for the District of Massachusetts.

2. I represent the defendant, Corey Daigle, in the above matter.

3. I have reviewed the discovery provided in this matter. In particular I have reviewed the Affidavit of F.B.I. Special Agent Robert Jacobson, dated January 4, 2023, offered in support of his application for a search warrant search the defendant's home at 18 Proctor Ave. Revere, Massachusetts.

4. I have also reviewed the Search Warrant, dated January 4, 2023, that was issued by the United States District Court (Hon. David Hennessy).

5. I have researched and reviewed the applicable law and have discussed the same with my client.

6. Accordingly, I believe that the affidavit in support of the search warrant application was lacking in probable cause to establish a nexus between the criminal activity and the property 18 Proctor Ave. Revere, Massachusetts, and therefore, the search conducted pursuant to the search warrant violated the defendant's rights as protected by the Fourth Amendment. *Illinois v. Gates, 462 U.S. 213 (1983); Aguilar v. Texas, 378 U.S. 108 (1964); United States v. Zayes-Diaz, 94 F.3d 105 (1st Cir. 1996).*

7. Lastly I am of the opinion that the good faith exception as outlined in *United States v. Leon, 468 U.S. 897 (1984)* is not applicable here given the complete lack of probable cause for the issuance of the search warrant.

Sworn to under the pains and penalties of perjury.

                                              */s/ Carmine P. Lepore*
                                              Carmine P. Lepore, Esq.
                                              Attorney for Cory Daigle
                                              February 7, 2024